FILED

JUL 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| SEBERAINO JIMENEZ, | ) | No. 18-16411 |
| | ) | |
| Plaintiff-Appellant, | ) | D.C. No. 2:15-cv-01187-ROS |
| | ) | |
| v. | ) | MEMORANDUM[*] |
| | ) | |
| PROGRESSIVE PREFERRED INSURANCE COMPANY, | ) ) | |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Submitted July 8, 2019[**]
Portland, Oregon

Before: FERNANDEZ, GRABER, and OWENS, Circuit Judges.

Seberaino Jimenez appeals from the district court's order dismissing his

putative class action against Progressive Preferred Insurance Company

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

(Progressive) on the basis that Jimenez lacked standing.  *See* U.S. Const. art. III, § 2, cl. 1; Fed. R. Civ. P. 12(h)(3).  We reverse and remand.

Jimenez purchased an auto insurance policy from Progressive in which Progressive agreed to pay "reasonable expenses incurred for necessary medical services received . . . because of bodily injury" sustained in a motor vehicle accident.  Jimenez was in a motor vehicle accident, received medical treatment, and was billed for the services by his medical providers in an amount exceeding the policy limits of $5,000.  However, Progressive paid Jimenez an amount less than $5,000.  Jimenez then brought this action for the difference.[1]  Progressive asserted that Jimenez lacked standing because, due to its contracts with others, he was not obligated to pay his medical providers more than it had already forwarded to him.  Thus, it argued, Jimenez had not really incurred the expenses billed to him by the providers.  Jimenez responded that under Arizona law, he had, indeed, incurred the expenses billed to him; that, as relevant here, the insurance policy itself made no mention of exceptions; and that under Arizona law,[2] Progressive still

---

[1]He sought relief on his own behalf and on behalf of an alleged class of those who had suffered similar reductions to their claimed expenses.

[2]*See Samsel v. Allstate Ins. Co.*, 59 P.3d 281, 289, 291 (Ariz. 2002); *Coconino County v. Fund Adm'rs Ass'n, Inc.*, 719 P.2d 693, 696 (Ariz. Ct. App. 1986).

had to pay him the full amount that he actually incurred (as long as it was reasonable and within the policy limits). The district court agreed with Progressive and decided that Jimenez did not have standing. In that it erred. *See Maya v. Centex Corp.*, 658 F.3d 1060, 1067–68 (9th Cir. 2011); *see also Warth v. Seldin*, 422 U.S. 490, 500, 95 S. Ct. 2197, 2206, 45 L. Ed. 2d 343 (1975).

"[T]he 'irreducible constitutional minimum' of standing consists of three elements. The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, __ U.S. __, __, 136 S. Ct. 1540, 1547, 194 L. Ed. 2d 635 (2016) (citation omitted). In the case at hand, there is no real dispute that the latter two elements exist. If Jimenez is correct, his injury is traceable to Progressive's actions or inaction, and his injury will be redressed by a decision in his favor. Moreover, he has "suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id.* at __, 136 S. Ct. at 1548 (internal quotation marks omitted). He argues that under Arizona law, Progressive was required to pay him the medical expenses he had incurred and that it flatly refused to do so. That economic injury could hardly be more concrete. *See Czyzewski v. Jevic Holding Corp.*, __ U.S. __, __, 137 S. Ct. 973, 983, 197 L. Ed.

3

2d 398 (2017); *San Diego Cty. Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1130 (9th Cir. 1996); *Fair v. U.S. EPA*, 795 F.2d 851, 853–54 (9th Cir. 1986); *see also Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 274, 128 S. Ct. 2531, 2535, 171 L. Ed. 2d 424 (2008); *Spinedex Physical Therapy USA Inc. v. United Healthcare of Ariz., Inc.*, 770 F.3d 1282, 1291 (9th Cir. 2014).  Nor is that a mere procedural defect,[3] or a speculative injury.[4]  He asserts that he was entitled to payment of $5,000 from Progressive, period.  Progressive disputes that, but this is not the time or place for a full merits argument.

We note that Jimenez argues that he should be awarded attorney's fees on appeal.  *See* Ariz. Rev. Stat. § 12-341.01(A); *Huey v. Honeywell, Inc.*, 82 F.3d 327, 334 (9th Cir. 1996); *Wagenseller v. Scottsdale Mem'l Hosp.*, 710 P.2d 1025, 1048–49 (Ariz. 1985), *superseded by statute on other grounds as recognized in Galati v. Am. W. Airlines, Inc.*, 69 P.3d 1011, 1013 n.2 (Ariz. Ct. App. 2003).  In the present posture of this case, we deny his request for attorney's fees without prejudice to consideration by the district court of an award of fees for services rendered in this appeal if Jimenez ultimately prevails.

**REVERSED and REMANDED**.  Costs are to be taxed against Appellee.

---

[3]*Cf. Spokeo*, __ U.S. at __, 136 S. Ct. at 1549–50.

[4]*Cf. Whitmore v. Arkansas*, 495 U.S. 149, 157–58, 110 S. Ct. 1717, 1724, 109 L. Ed. 2d 135 (1990).