**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Seberaino Jimenez,<br><br>Plaintiff,<br><br>v.<br><br>Progressive Casualty Insurance Company, et al.,<br><br>Defendants. | No. CV-15-01187-PHX-ROS<br><br>**ORDER** |

Before the Court is Plaintiff's Motion to Seal (Doc. 214). Plaintiff states that Exhibits "F" (Doc. 211-7) and "I" (Doc. 211-10) attached to Plaintiff's Statement of Facts in Support of His Motion for Summary Judgment Re: Use of Third-Party VPN Contracts By Progressive (Doc. 211) were marked as confidential materials by Defendants. (Doc. 214 at 1–2.) Plaintiff also states that Plaintiff's Motion for Summary Judgment Re: Use of Third-Party VPN Contracts by Progressive (Doc. 210) references these two confidential exhibits. *Id.* at 2. Plaintiff believes the mere marking of documents as confidential entitles him to file these documents under seal. The Court will deny the motion as to Documents 210, 211, 211-1—211-6, and 211-8—211-11 and grant the motion as to Document 211-7 for the following reasons.

Early in the discovery process, the Court entered a Stipulated Protective Order. (Doc. 100.) The Stipulated Protective Order defined the term "confidential information" to include "confidential financial, personal, or commercial information." *Id.* at 2. The Stipulated Protective Order noted that before any confidential material could be filed with

the Court, "the party seeking to file such material must seek permission of the Court to file the material under seal in accordance with Local Rule of Civil Procedure 5.6. *Nothing in this order shall be construed as automatically permitting a party to file under seal.* The party seeking leave of Court shall show "compelling reasons" (where the motion is more than tangentially related to the merits of the case) or "good cause" for filing under seal." *Id.* at 5. The Stipulated Protective Order also noted "The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings." *Id.* at 10 (emphasis added).

Twice before, the parties have filed materials with this Court and later moved to seal them. Defendants moved to seal a declaration in support of their Motion for Sanctions. (Doc. 175.) Plaintiff moved to seal a declaration in support of his Cross-Motion for Sanctions and Response to Defendants' Motion for Sanctions. (Doc. 183). The Court granted those motions and sealed Documents 174 and 179. (Docs. 185, 194.)

In the Ninth Circuit, there is a "strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). This presumption is rebutted if a discovery document subject to a protective order is attached to a nondispositive motion. *Id.* But if a motion is "'more than tangentially related to the underlying cause of action,'" the party seeking to seal the records must provide a compelling reason to do so. *Unknown Parties v. Johnson*, No. CV-15-00250-TUC-DCB, 2016 WL 8199309, at *3 (D. Ariz. June 27, 2016) (quoting *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016)). To meet the compelling reasons standard, the party seeking to seal the records "must 'articulate compelling reasons supported by specific factual findings.'" *Id.* (quoting *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

Here, Plaintiff seeks to seal a dispositive motion, as well as the statement of facts supporting the motion and several exhibits, and must therefore provide a compelling reason for his request. Plaintiff has not done so. Plaintiff explains only that the exhibits "were marked 'confidential' by Defendant Progressive." (Doc. 214 at 2.) A blanket protective

order, which is obtained "without making a particularized showing of good cause with respect to any individual document," does not entitle a party "to hold these records under seal forever." *Foltz*, 331 F.3d at 1138. Exhibit "I" contains excerpts from the deposition of Keith Benefiel, Jr. (Doc. 211-10.) The Court does not find a compelling reason to seal this document. Exhibit "F" contains nine tax identification numbers. (Doc. 211-1 at 21–24.) These numbers must be redacted pursuant to Federal Rule of Civil Procedure 5.2(a). The Court will grant Plaintiff's motion to seal the unredacted Exhibit "F" filed at Document 211-7. Plaintiff must redact those numbers, and no other information, and file a public version of the exhibit. Neither Plaintiff's Motion for Summary Judgment Re: Use of Third-Party VPN Contracts by Progressive nor Plaintiff's Statement of Facts in Support of His Motion for Summary Judgment Re: Use of Third-Party VPN Contracts By Progressive reference the tax identification numbers, and accordingly the Court does not find a compelling reason to seal either document, or any of the other documents attached to the statement of facts.

Accordingly,

**IT IS ORDERED** the Motion to Seal (Doc. 214) is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** as to Exhibit "F" (Doc. 211-7). The Clerk of Court shall seal Document 211-7. The motion is **DENIED** as to Documents 210, 211, 211-1—211-6, and 211-8—211-11.

**IT IS FURTHER ORDERED** Plaintiff shall file a redacted copy of Exhibit "F" to Plaintiff's Statement of Facts in Support of His Motion for Summary Judgment Re: Use of Third-Party VPN Contracts By Progressive no later than **October 7, 2019**.

**IT IS FURTHER ORDERED** this Order shall not be sealed.

Dated this 3rd day of October, 2019.

Honorable Roslyn O. Silver
Senior United States District Judge